UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60511-CIV-COHN/Seltzer

JACOBO SZNAPSTAJLER,

    Plaintiff,

v.

LABORATORY CORPORATION
OF AMERICA,

    Defendant.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**
**ORDER SETTING TRIAL ON CONTRACT CLAIM FOR WED., JAN. 28**

THIS CAUSE is before the Court upon Plaintiff's Ore Tenus Motion for Reconsideration, Notice of Supplemental Authority in Support of Plaintiff's Ore Tenus Motion [DE 60] and the argument of counsel at the hearing held on January 22, 2009 during Calendar Call for this case. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Plaintiff Jacobo Sznapstajler ("Plaintiff") filed this action for employment discrimination against his former employer, Defendant Laboratory Corporation of America ("Labcorp" or "Defendant"). Plaintiff brings claims for age, national origin and religious discrimination pursuant to the Florida Civil Rights Act ("FCRA"), retaliation under the FCRA, and breach of contract related to his compensation. On January 20, 2009, this Court granted summary judgment to Defendant on all claims except part of the contract claim.

Plaintiff makes two arguments in support of his request for reconsideration of

the grant of summary judgment on the discrimination and retaliation claims.  First, Plaintiff argues that Terry Farrell's bigoted remarks cannot be considered as "stray" comments given Mr. Farrell's status as a supervisor and decisionmaker of the termination of Plaintiff.   Second, Plaintiff argues that the Court overlooked evidence that Plaintiff complained to Mary Hudson in his local Human Resources Department regarding Farrell's remarks just two days prior to his termination.

Taking the second issue first, the Court has reconsidered the record evidence and concludes that assuming Plaintiff made the complaint to Ms. Hudson, there is no evidence that Farrell knew of this complaint to Hudson.  Hudson was not a decisionmaker and Farrell was not in her chain of command.  Rather, as the Court's prior order stated, the only complaint that Farrell was aware of was Plaintiff's email regarding the change in sales quotas, which the Court determined was not protected activity as it did not mention discrimination.

Turning next to the legal issue regarding whether Farrell's comments are sufficient evidence of pretext, the Court first notes that its prior ruling found that Plaintiff had not met his prima facie case because the similarly situated comparator that was outside of Plaintiff's protected classes was also terminated for the same conduct as Plaintiff.  However, the Court did go on to also decide that even if a prima facie case was made, Plaintiff had failed to show pretext to rebut the legitimate reason for termination put forth by Defendant.  Upon reconsideration, the Court has considered Plaintiff's citation to Ross v. Rhodes Furniture, 146 F.3d 1286, 1291 (11th Cir. 1998) and Reeves v. Sanderson Plumbing, 530 U.S. 133, 151-53 (2000), as well as

Defendant's citations to <u>Scott v. Suncoast Beverage Sales, Ltd.</u>, 295 F.3d 1223, 1229-1230 (11th Cir. 2002) and <u>Rojas v. Florida Dept. of Business & Professional Regulations Pari-Mutual</u>, 285 F.3d 1339, 1343 (11th Cir. 2002).

The Court concludes that its prior ruling shall stand.  The comments made by Terry Farrell in this case were unrelated to the termination decision, given the similar discipline meted out to Melissa Butterworth for the same infraction of the conflict of interest code.  As in <u>Scott</u>, while such comments by a decisionmaker "may contribute to a circumstantial case for pretext . . . it will usually not be sufficient absent some additional evidence supporting a finding of pretext." <u>Scott</u>, 295 F.3d at 1229 (internal citation omitted).  The Eleventh Circuit in <u>Scott</u> cites to <u>Rojas</u> for distinguishing the <u>Ross</u> decision where additional evidence of pretext existed in the record.  <u>Id.</u> at 1229-30.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Ore Tenus Motion for Reconsideration is hereby **DENIED**;

2. As the other civil case up for trial just filed a Notice of Settlement, the Court is vacating its prior ruling excusing this case from the first week of the docket, and will start trial in this case next week on the remaining contract claim as to whether a course of dealing in paying bonuses existed so as to make the Jump Start first quarter bonus payable in April of 2007;

3. Trial in this case shall start at 10:00am on Wednesday, January 28, 2009 to resolve all pretrial matters, including the pending motion in limine;

4. Jury selection shall commence at 2:00pm with opening statements to follow

the same day, and if time permits, the beginning of Plaintiff's case in chief.

**DONE AND ORDERED** in chambers in Fort Lauderdale, Broward County, Florida, this 23rd day of January, 2009.

JAMES I. COHN
United States District Judge

Copies to:

Ware Cornell, Esq.
Thomas H. Loffredo, Esq.
John Mann, Esq.