UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60511-CIV-COHN/Seltzer

JACOBO SZNAPSTAJLER,

    Plaintiff,

v.

LABORATORY CORPORATION
OF AMERICA,

    Defendant.
_____/

## ORDER GRANTING IN PART MOTION TO TAX COSTS

THIS CAUSE is before the Court upon Defendant's Motion for Taxation of Costs [DE 74] and Plaintiff's Response thereto [DE 78]. The Court has carefully considered the motion is otherwise fully advised in the premises, including the lack of a reply memorandum by the due date of April 20, 2009.

Defendant seeks costs following a judgment entered in its favor by this Court. Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Supreme Court has interpreted Rule 54(d) to grant federal courts discretion to refuse to tax costs in favor of the prevailing party. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987). Moreover, "[i]n the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985) (citing United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963)). However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited

to those costs specifically enumerated in 28 U.S.C. § 1920.  Crawford Fitting Co, 482 U.S. 437, 445 (1987).

28 U.S.C. § 1920, taxation of costs, provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case. . . .

In the present case, Defendant seeks costs totaling $5,037.02 for the following items: (1) fees of the Clerk ($515.00); (2) fees for the court reporter and transcripts of certain depositions ($4,462.02); (3) fees for service of subpoena (in lieu of service by the marshal) ($60.00).  Plaintiff objects to just $330.75 of those costs.

In particular, Plaintiff objects to the filing fees for the *pro hac vice* motions filed by Defendant because these fees were incurred solely for the convenience of Defendant.  In the absence of a reply arguing otherwise, the Court sees the merits of Plaintiff's argument and will deny those fees (total of $165.00).  Plaintiff also objects to certain rush or expedited fees for which no support has been provided ($50.00 next day delivery for transcripts and $30 expedited service fee -- DE 74-5, pp. 11,18 of 20).  Finally, Plaintiff objects to certain surcharges of the videographer that are also not supported ($85.75 -- Plaintiff's Exhibit A [DE 78-2] and DE 74-5, pp. 4,16).

The Court will sustain Plaintiff's objections to these specified fees and grant the remainder of the motion.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Taxation of Costs [DE 74] is hereby **GRANTED**;

2. The Court shall separately enter judgment for costs in the amount of $4,706.27.

**DONE AND ORDERED** in chambers in Fort Lauderdale, Broward County, Florida, this 28th day of April, 2009.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies to:

Ware Cornell, Esq.
Thomas H. Loffredo, Esq.
John Mann, Esq./Sarah Ford, Esq.